UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRIE A. JONES, ) | Case No. EDCV-06-0158 JC |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION AND |
| v. ) | ORDER OF REMAND |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

I.  **PROCEEDINGS**

Plaintiff Terrie A. Jones filed a Complaint on February 15, 2006, seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. This matter is before the Court on the parties' cross-motions for summary judgment.[1]

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED IN PART AND REMANDED for further

---

[1] Plaintiff filed a motion for summary judgment on June 21, 2006. The Commissioner filed an amended cross-motion for summary judgment and an opposition on July 25, 2006.

1

proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") erroneously failed to address the lay witness evidence supplied by plaintiff's mother.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 18, 2003 and December 22, 2003, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income. (Administrative Record ("AR") 13, 59, 215, 216). Plaintiff alleged a disability onset date February 5, 2002, based upon back pain and panic attacks. (AR 13). The ALJ examined the medical record and heard testimony from plaintiff and a vocational expert on June 20, 2005. (AR 13, 18, 231-52). On November 7, 2005, the ALJ issued an unfavorable decision denying benefits based upon the ALJ's conclusion that plaintiff was not disabled at any time through the date of the decision. (AR 10-19). The ALJ found, inter alia: (1) plaintiff suffered from the following severe impairments: bilateral carpal tunnel syndrome, depressive disorder, not otherwise specified, and anxiety disorder (AR 14, 18); (2) plaintiff's impairments, singularly, or in combination, did not meet or medically equal one of the listed impairments at any time through November 7, 2005, the date of the decision (AR 14, 18); (3) plaintiff retained the residual functional capacity to perform medium work with some limitations of the hands (to lift and carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk for six hours in an eight hour day, sit for six hours in an eight hour day, and avoid constant gross and fine manipulative activities such as grasping, gripping, fingering or torquing, with her hands) and minimal interaction with the general public (AR 15, 17, 19); (4) based on this residual functional capacity, plaintiff could perform her past relevant work as a companion, title insurance examiner/searcher, and crew support technician for the railroad. (AR 18, 19). The Appeals Council denied plaintiff's request for review of the ALJ's decision. (AR 5-7).

**III.   APPLICABLE LEGAL STANDARDS**

    **A.   Sequential Evaluation Process**

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

    (1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

    (2)   Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

    (3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///
///
///
///
///
///

  (4) Does the claimant possess the residual functional capacity ("RFC") to perform her past relevant work?[2]  If so, the claimant is not disabled.  If not, proceed to step five.

  (5) Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

---

[2] Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Robbins v. Social Security, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted). Careful consideration should be given to any evidence about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone. Id. (citations omitted). If the record establishes the existence of a medically determinable impairment that could reasonably give rise to the reported symptoms, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. Id. (citations omitted). An ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence. Id. Unless an ALJ makes a finding of malingering based on affirmative evidence thereof, the ALJ may reject a claimant's testimony regarding the severity of her symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. Id. (citations omitted). To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (e.g. reputation for dishonesty), conflicts between the claimant's testimony and the claimant's conduct, or internal contradictions in that testimony. Id. (citing Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997).

The ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability). If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Id. When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ should take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a

mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at at 882 (citing Flaten, 44 F.3d at 1457).

**C.  Standards Governing Consideration of Lay Evidence**

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.  Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, e.g., lay witnesses, as to how impairment affects claimant's ability to work).

One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.  Lewis, 236 F.3d at 511 (citation omitted).  The mere fact that a witness is a family member, however, is not a sufficient reason to reject the witness' testimony.  See Regennitter, 166 F.3d at 1298 (fact that lay witness is

family member cannot be ground for rejecting testimony) (citing <u>Smolen v. Chater</u>, 80 F.3d 1273, 1289 (9th Cir. 1996)).

Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses.  However, the standards discussed in these authorities appear equally applicable to written statements.  <u>Cf</u>. <u>Schneider v. Commissioner</u>, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." <u>Robbins</u>, 466 F.3d at 885 (quoting <u>Stout</u>, 454 F.3d at 1055-56).

**IV.   DISCUSSION**

    **A.   A Remand is Appropriate Because the ALJ Erroneously Failed to Address the Lay Evidence Supplied by Plaintiff's Mother and the Court Cannot Find Such Error Was Harmless**

Plaintiff argues that the ALJ erroneously failed to consider the written statements of her mother.[3]  Defendant argues that the ALJ properly considered such evidence and that any failure expressly to discuss such evidence constituted harmless error.

On June 20, 2005, plaintiff testified regarding her symptoms and limitations.  (AR 233-48).  She stated, <u>inter alia</u>, that she: (i) has pain in her wrists and lower back (AR 237-39, 248); (ii) is fatigued and depressed (AR 240); (iii) is nervous and has panic attacks (AR 241, 246); and (iv) has difficulty sleeping (AR

---

[3]Plaintiff also argues, and defendant disputes, that the ALJ failed properly to develop the record regarding Dr. Ibrahim Khan's medical opinion.  The Court need not, and has not adjudicated this challenge to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

246-47). On February 13, 2004, plaintiff's mother completed a daily activities questionnaire, which reflects her observations regarding plaintiff's alleged impairments and their asserted impact on plaintiff's daily activities. (AR 86-94). Plaintiff's mother reported, <u>inter alia</u>, that plaintiff (i) acts depressed and very anxious (AR 87); (ii) cannot shut her mind off which affects her sleep (AR 87); (iii) does not concentrate or follow instructions like she did before her panic attacks started (AR 91); (iv) cannot handle stress at all (AR 92); (v) gets very confused (AR 92); and (vi) complains of pain in her lower back (AR 93).

Although the aforementioned statements of plaintiff's mother are consistent with plaintiff's testimony regarding her symptoms and limitations, the ALJ's decision silently disregards plaintiff's mother's statements.[4] As plaintiff's mother's statements constitute competent lay evidence that the ALJ had to take into account unless he expressly determined to disregard it and gave reasons therefor, the ALJ erred in silently disregarding such statements.

As the ALJ's silent disregard of the statements of plaintiff's mother may have been material, this Court cannot conclude that such error was harmless. If fully credited, plaintiff's mother's statements could provide substantial support for plaintiff's description of her symptoms and limitations. Thus, the Court cannot conclude that no reasonable ALJ, fully crediting the statements of plaintiff's mother could have reached a different disability determination regarding plaintiff.

///
///
///

---

[4] Plaintiff's mother's statements are not, however, entirely consistent with plaintiff's testimony. For example, plaintiff's mother reported that plaintiff "needs encouragement with her personal hygiene" and can do "very limited household chores because her wrists hurt." (AR 88). However, plaintiff testified that she has no problems with taking care of herself, taking a shower and bathing every day, and that she does her own laundry, mops the floor, does the dishes, and helps her dad around the house "doing stuff." (AR 243, 247).

Accordingly, this Court cannot deem the ALJ's failure to address the lay witness statement supplied by plaintiff's mother harmless.[5]

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is reversed in part, and this matter is remanded for further administrative action consistent with this Memorandum of Opinion and Order of Remand.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.[7]

DATED: March 2, 2007

                                                 /s/
                                      Honorable Jacqueline Chooljian
                                      UNITED STATES MAGISTRATE JUDGE

---

[5] Although defendant now suggests many reasons to discount plaintiff's mother's statements, the ALJ's decision does not reflect that it was predicated on such reasons. As the ALJ is required to provide specific reasons for rejecting lay testimony, the court cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision. Stout, 454 F.3d at 1054 (citations omitted).

[6] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)

[7] Plaintiff's request for costs and reasonable attorneys' fees under the Equal Access to Justice Act is denied without prejudice to resubmission of an application, accompanied by supporting documents, seeking such fees and expenses in accordance with 28 U.S.C. § 2412(d).